# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

vs

DATAVIOUS SCHOMONN ALLEN

Case Number. 8:13-cr-170-T-30MAP
USM Number: 58413-018

Mark G. Rodriguez, CJA

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count One of the Superseding Information. Accordingly, the court has adjudicated that the defendant is guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §§ 641 and 2 | Theft of Government Property | 2012 | One |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts One through Eight of the Original Indictment are dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

October 16, 2013

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

October 16, 2013

DATAVIOUS SCHOMONN ALLEN
8:13-cr-170-T-30MAP

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of SIXTEEN (16) MONTHS as to Count One of the Superseding Information.

The Court recommends to the Bureau of Prisons that the defendant be placed at FCI Coleman.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

AO 245B (Rev. 4/09) Judgment in a Criminal Case

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS as to Count One of the Superseding Information.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The mandatory drug testing requirements of the Violent Crime Control Act are imposed. The Court orders the defendant to submit to random drug testing not to exceed 104 tests per year.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;

2. the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. the defendant shall support his or her dependents and meet other family responsibilities;

5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. the defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. the defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall perform **300 hours** of community service as a condition of supervision.

2. The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or making an obligation for any major purchases without approval of the Probation Officer. You shall provide the probation officer access to any requested financial information.

3. The defendant shall cooperate in the collection of DNA, as directed by the Probation Officer.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | Waived | $50,000.00 |

The defendant shall make restitution (including community restitution) to the following payees in the amount listed below. Restitution is payable to the Clerk, U.S. District Court for distribution to the victims.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Amount of Restitution Ordered |
|---|---|
| Clerk, U.S. District Court, for distribution to the victims | $50,000.00 |

DATAVIOUS SCHOMONN ALLEN
8:13-cr-170-T-30MAP

## SCHEDULE OF PAYMENTS

Special assessment shall be paid in full and is due immediately.

While in the custody of the Bureau of Prisons, you shall either (1) pay at least $25 quarterly if working non-Unicor or (2) pay at least 50 percent of your monthly earnings if working in a Unicor position. Upon release from custody, you are ordered to begin making payments of $200.00 per month and this payment schedule shall continue until such time as the Court is notified by the defendant, the victim or the government that there has been a material change in your ability to pay.

## FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Indictment and Plea Agreement, that are subject to forfeiture.

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 4/09) Judgment in a Criminal Case

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:13-cr-170-T-30MAP

DATAVIOUS SCHOMONN ALLEN

### FORFEITURE MONEY JUDGMENT

THIS CAUSE comes before the Court upon the United States' Motion (Doc. 43) for a Forfeiture Money Judgment in the amount of $50,000.00.

Being fully advised of the relevant facts, the Court hereby finds that the defendant obtained at least $50,000.00 in proceeds from the theft of government property to which he pled guilty.

Accordingly, it is hereby:

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States' motion (Doc. 43) is GRANTED.

It is FURTHER ORDERED that, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the defendant shall be held liable for a forfeiture money judgment in the amount of $50,000.00. The net proceeds from the sale of the defendant's Porsche and Cadillac, which were administratively forfeited, will be credited against the defendant's forfeiture money judgment.

It is FURTHER ORDERED that, upon entry of this order, it shall become a final order of forfeiture as to the defendant.

The Court retains jurisdiction to address any third party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and to order any substitute asset forfeited to the United States up to the amount of the forfeiture money judgment.

DONE and ORDERED in Tampa, Florida, this 12th day of August, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies to</u>:
Counsel/Parties of Record

F:\Docs\2013\13-cr-170 judgment.docx